990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Warren Carl SIMPSON, Petitioner-Appellant,
v.
Sam LEWIS, Director-ADOC; Bob Corbin, Arizona Attorney
General, Respondents-Appellees.
 No. 92-15281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided March 17, 1993.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warren C. Simpson was indicted for sexual conduct with a minor and for molesting a minor, four-year-old Amber Lynn Doe. At trial, Amber Lynn indicated to a victim-witness advocate that she was unable to give testimony about Simpson's actions while he was in the courtroom because she was afraid of him. The child was in tears when she talked of her fear of testifying before Simpson.
 
 
 3
 The prosecutor suggested videotaping Amber Lynn's testimony, but the defense objected. Over the objection of the defense, the trial court decided to place Simpson in an adjacent room where he could watch the proceedings and communicate with his attorney, but where he could not be seen by Amber Lynn. The jury was told that the arrangement had been made because Amber Lynn was "nervous" about testifying; no mention was made to the jury of her fear of Simpson. Without Simpson in the courtroom, the child was able to recount her version of the events.
 
 
 4
 Simpson contends that Coy v. Iowa, 487 U.S. 1012 (1988), and Maryland v. Craig, 497 U.S. 836 (1990), which establish a right to face-to-face confrontation, apply to his case as a new rule which falls within the second exception of Teague v. Lane, 489 U.S. 288 (1989).[1] Specifically, Simpson argues that by being sequestered in a separate room, he was unable to confront his accuser. We do not need to resolve the Teague issues, however, because there was no error under either Coy and Craig, or the then-existing law.
 
 
 5
 The essential purpose of the right to confrontation is to "secure for the opponent the opportunity of cross examination." Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). However, in addition to the defendant's rights to confrontation, the Supreme Court in Craig also considered the State's competing interest in protecting children in abuse cases. The Court held,
 
 
 6
 [I]f the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant.
 
 
 7
 Craig, 497 U.S. at 855. To overcome the defendant's right of direct confrontation, the State must make a showing that the testifying child would "be traumatized ... by the presence of the defendant ... [and] that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimus, i.e., more than 'mere nervousness or excitement or some reluctance to testify.' " Craig, 497 U.S. at 856 (quotation omitted). Additionally, the Arizona Supreme Court requires these findings be particularized. See State v. Vincent, 768 P.2d 150, 160 (Ariz.1989).
 
 
 8
 The trial court made adequate individualized findings in this case. The trial court considered Amber Lynn's emotional distress, what it had observed and been told by the victim-witness advocate, indicated that the victim could not testify in the defendant's presence, addressed alternatives, and found that the trial could proceed with Simpson in a room where he could see and communicate with his counsel, but could not be seen by the victim.
 
 
 9
 The trial court did all it could to accommodate Simpson, but all suggestions short of his direct presence were rejected by the defense, who offered no alternatives that would take into account the needs of the child. The trial court's solution allowed the jury to judge Amber Lynn's demeanor and allowed for cross examination. Thus, the trial court proceeded in the least restrictive fashion.
 
 
 10
 Because the requirements of Coy and Craig were met, it is unnecessary to reach the issue of whether the right of face-to-face confrontation set forth in Coy and Craig are new rules which could be retroactively applied under Teague.
 
 
 11
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A new rule is applicable only if it falls within an exception stated in Teague. The second exception states that "a new rule should be applied retroactively if it requires the observance of those procedures that ... are implicit in the concept of ordered liberty." Teague, 489 U.S. at 311 (citations and internal quotations omitted) (ellipses in original)